# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| ABDUL RASHID ISAAC, | |
| Petitioner, | NO. 5:10-CV-252 (CAR) |
| VS. | |
| DENNIS BROWN, | Proceedings Under 28 U.S.C. §2254 |
| Respondent. | Before the U.S. Magistrate Judge |

## RECOMMENDATION TO DISMISS

Respondent Warden Dennis Brown has filed a Motion to Dismiss the above-captioned petition alleging that it is unexhausted according to the provisions of 28 U.S.C. §2254(b) and (c). Doc. 11. Because it appears that Petitioner has a state remedy available to pursue the claims he raises in this petition, it is **RECOMMENDED** that the petition be **DISMISSED** without prejudice.

## FACTUAL AND PROCEDURAL HISTORY

On May 2, 2001, Petitioner was convicted and sentenced in Bibb County, Georgia on seven counts of armed robbery, three counts of kidnapping with bodily injury, and one count of kidnapping. Petitioner was sentenced to life on two counts of armed robbery and one count of kidnapping with bodily injury, to run consecutively; and life on five counts of armed robbery and two counts of kidnapping with bodily injury, to run concurrently. Petitioner's convictions and sentences were affirmed on direct appeal. Isaac v. State, 275 Ga. App. 254 (2005).

On May 19, 2008, Petitioner filed a state habeas corpus petition. Following an evidentiary hearing, his state habeas petition was denied in an order filed November 12, 2008. His subsequently-filed application for a certificate of probable cause to appeal was denied by the

1

Georgia Supreme Court on April 20, 2009. On March 14, 2010, Petitioner executed his federal habeas corpus petition. Doc. 1.

## LEGAL STANDARDS

It has been well settled for over a century that "a state prisoner must normally exhaust available state judicial remedies before a federal court will entertain his petition for habeas corpus." Picard v. Connor, 404 U.S. 270, 275 (1971) (citing Ex Parte Royall, 117 U.S. 241 (1886)). This exhaustion requirement has been codified in 28 U.S.C. §§2254 (b) and (c) and reflects a policy of comity between state and federal court. It is "an accommodation of our federal system designed to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." Wilwording v. Swenson, 404 U.S. 249, 250 (1971) (quoting Fay v. Noia, 372 U.S. 391, 438 (1963)). Moreover, the exhaustion requirement was designed to minimize friction between the state and federal courts. "An exception is made only if there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient as to render futile an effort to obtain relief." Duckworth v. Serrano, 454 U.S. 1, 3 (1981) (emphasis added).

## DISCUSSION

In this case, Petitioner's enumerated grounds for relief rely upon an intervening change in state law occasioned by the Georgia Supreme Court's reinterpretation of the state's kidnapping statute. In Garza v. State, 284 Ga. 696 (2008), the Supreme Court determined that the portion of Georgia's kidnapping statute concerning the element of asportation was so vague that it ran afoul of the due process clause. This decision in Garza was not finalized until after Petitioner's original state habeas corpus action was denied.[1] In accordance with the provisions of O.C.G.A. § 9-14-51,

---

[1] The opinion in Garza was originally entered on November 3, 2008, however, a subsequently filed motion for reconsideration was not denied until December 15, 2008. The evidentiary hearing in Petitioner's original state habeas petition was held October 17, 2008. The state habeas court's final order denying relief was filed on November 12, 2008.

because Petitioner could not reasonably have raised these grounds in his original state habeas petition, he would now be permitted to raise them in second state habeas action. As the Petitioner has an available state remedy, the instant claims are unexhausted and, therefore, should be dismissed.

CERTIFICATE OF APPEALABILITY

As amended effective December 1, 2009, § 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

In this case, there has been no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84, 120 S.Ct. 1595, 1603-04, 146 L.Ed.2d 542 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, the district court should deny a certificate of appealability in its final order.

Pursuant to § 2254 Rule 11(a): "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this Recommendation.

Accordingly, **IT IS RECOMMENDED** that Respondent's Motion to Dismiss be **GRANTED**, the instant § 2254 petition for writ of habeas corpus be **DISMISSED** without prejudice, and that a certificate of appealability be **DENIED**.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this recommendation with the district judge to whom this case is assigned, **WITHIN FOURTEEN (14)**

3

**DAYS** after being served with a copy thereof. The Clerk is directed to serve Petitioner at the last address provided by him.

      **SO RECOMMENDED**, this 6th day of May, 2010.

                                          s/ Charles H. Weigle
                                          Charles H. Weigle
                                          United States Magistrate Judge