THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| ABDUL RASHID ISAAC, | : | |
| Petitioner, | : | |
| v. | : | Civil Action |
| | : | No. 5:10-CV-252 (CAR) |
| DENNIS BROWN, | : | |
| Respondent. | : | 28 U.S.C. § 2254 |

## ORDER ON RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court is the United States Magistrate Judge's Recommendation [Doc. 16] to grant Respondent's Motion to Dismiss the instant Petition for Writ of Habeas Corpus for failure to exhaust state remedies [Doc. 11]. Petitioner has entered a timely objection to the Recommendation [Doc. 17]. Having reviewed de novo the Recommendation and Petitioner's objections, the Court agrees with the Magistrate Judge's recommendation that Respondent's Motion to Dismiss be granted. Accordingly, the Magistrate Judge's Order and Recommendation is **HEREBY ADOPTED AND MADE THE ORDER OF THE COURT**. Respondent's Motion to Dismiss [Doc. 11] is hereby **GRANTED**, and the Petition is **DISMISSED** without prejudice.

The Magistrate Judge recommends dismissing this petition because the Petitioner has failed to exhaust his state remedies for the claims he wishes to raise, as required by 28 U.S.C. § 2254(b) & (c). Petitioner's claim is based on a change in Georgia state law in Garza v. State, 284 Ga. 696 (2008). The Georgia Supreme Court's decision in Garza was finalized on December 15, 2008. The state habeas court denied Petitioner relief on November 17, 2008. The Magistrate Judge reasoned

1

that because Garza was not finalized until after Petitioner's original state habeas petition had been denied, O.C.G.A. § 9-14-51 will not bar the Petitioner's claims based on Garza in state court. As a result, the Petitioner has an avenue in state court to pursue his claims based on Garza and has not properly exhausted those claims for purposes of 28 U.S.C. § 2254.

The Court agrees. Under 28 U.S.C. § 2254(b), a Petitioner must exhaust the remedies available in state court before a federal court may grant his habeas petition. Here, Petitioner raises claims based on the Georgia Supreme Court's decision in Garza. As the Magistrate Judge noted, that decision was not finalized until after Petitioner's original state habeas petition had been denied. Section 9-14-51 of the Georgia Code provides that a Petitioner waives the right to bring any claims in a subsequent habeas petition that were not raised in an original or amended petition unless the "grounds for relief asserted therein . . . could not reasonably have been raised in the original or amended petition." The Georgia Supreme Court has declined to lay down precise guidelines on when a claim could not reasonably have been raised in an original petition for purposes of section 9-14-51. Tucker v. Kemp, 256 Ga. 571, 574 (1987).

In Chambers v. Thompson, 150 F.3d 1324 (11th Cir. 1998), the Eleventh Circuit held that federal habeas courts are bound to apply to O.C.G.A. § 9-14-51. Specifically, the court stated that section 9-14-51 "can and should be enforced in federal habeas proceedings against claims never presented in state court, unless there is some indication that a state court judge would find the claims in question could not reasonably have been raised in the original or amended [state habeas] petition." Id. at 1327 (internal quotation marks omitted) (alteration in original). There, the court found no indication that the claims the petitioner sought to raise could not have been raised in his original petition; thus, those claims were barred by section 9-14-51 and exhausted. Id.

Here, the Court finds that there is "some indication" that a Georgia state court would find

2

that Petitioner's claims based on Garza could not have reasonably been raised in his original petition. As noted above, whether a claim could have not been reasonably raised in an original petition for purposes of section 9-14-51 is not governed by bright-line rules, but is a fact specific inquiry. See Tucker, 256 Ga. at 574. In this case, where the change in state law based on Garza did not occur until after Petitioner's original habeas petition was denied, there is some indication in Georgia law that a Georgia habeas court would find that Petitioner could not have reasonably raised his Garza claims in his original petition. See id. at 573-74 (describing cases in which claims based on subsequent changes in state law could and could not have been raised in a prior proceeding). Thus, unlike Chambers, Petitioner's claims are not barred by O.C.G.A. § 9-14-51 at this time and are unexhausted.

In his objections, Petitioner asserts that Respondent has argued – in what appears to be an ongoing state habeas proceeding – that Petitioner's claims are barred as a successive claim under O.C.G.A. § 9-14-51. Petitioner's confusion as to how Respondent can maintain that argument as a defense in another case, while arguing here that section 9-14-51 would not bar the claim is understandable. Respondent's positions are not expressly contradictory however. As noted, the inquiry under section 9-14-51 is not a mechanical one but is dependent on the facts of the case. The Respondent has apparently raised section 9-14-51 as one possible defense in state court. Respondent may prevail on that argument in state court; he may not. There is a reasonable argument either way. That is enough, at this juncture, for this Court to conclude that there is some indication that section 9-14-51 would not apply and that Petitioner has an avenue for relief in state court that he must exhaust.[1]

---

[1] The Court notes, without rendering any decision on the matter, that if Petitioner's contention that the Georgia state court will find his claim barred by section 9-14-51 is true, then

For the reasons set forth above, the Magistrate Judge's Order and Recommendation is **HEREBY ADOPTED AND MADE THE ORDER OF THE COURT**. Respondent's Motion to Dismiss [Doc. 11] is hereby **GRANTED**, and the Petition is **DISMISSED** without prejudice. Furthermore, as also set forth in the Recommendation, a certificate of appealability is **DENIED**.

It is SO ORDERED this 20th day of May, 2011

S/ C. Ashley Royal
C. ASHLEY ROYAL, JUDGE
UNITED STATES DISTRICT COURT

bcw

---

he is hardly in a better position in this proceeding. If he is right, then section 9-14-51 would bar this Court's consideration of the matter as well, see Chambers, unless he is able to overcome that bar.