IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| ABDUL RASHID ISAAC, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| VS. | : | NO. 5:10-CV-252 (CAR) |
| | : | |
| DENNIS BROWN, | : | |
| | : | Proceedings Under 28 U.S.C. § 2254 |
| Respondent. | : | Before the U.S. Magistrate Judge |
| _____ | : | |

## RECOMMENDATION

Before the Court on remand from the United States Court of Appeals for the Eleventh Circuit is Petitioner Abdul Rashid Isaac's petition seeking habeas corpus relief under 28 U.S.C. § 2254. Docs. 29, 30. The Eleventh Circuit directed the Court to consider whether a stay and abeyance is warranted because a subsequent Section 2254 petition would be time-barred or, if not, whether to allow Petitioner to proceed solely on his exhausted claims. Doc. 29, pp. 6-7. Because the record establishes that the above-styled matter, which involves a mixed petition raising both exhausted and unexhausted claims, is one of the "limited circumstances" in which a stay and abeyance is appropriate, Rhines v. Weber, 544 U.S. 269, 277 (2005), **IT IS RECOMMENDED** that this matter be **STAYED AND HELD IN ABEYANCE** so that Petitioner may pursue his unexhausted claims in state court.

## FACTUAL AND PROCEDURAL HISTORY

On May 9, 2001, a jury in the Superior Court of Bibb County found Petitioner guilty of seven counts of armed robbery, three counts of kidnapping with bodily injury, and one count of kidnapping. Doc. 14-3. The Bibb County Superior Court sentenced Petitioner to serve life on two counts of armed robbery and one count of kidnapping with bodily injury, to run consecutively; to

1

serve twenty years on one count of kidnapping, to run consecutively; and to serve life on five counts of armed robbery and two counts of kidnapping with bodily injury, to run concurrently. Id. On August 29, 2005, the Georgia Court of Appeals affirmed Petitioner's convictions and sentences on direct appeal. Doc. 14-1.

On May 19, 2008, Petitioner filed a petition for writ of habeas corpus in the Superior Court of Richmond County, in which Petitioner identified the following five grounds for relief: (1) ineffective assistance of trial counsel, (2) prosecutorial misconduct, (3) violation of Petitioner's Sixth and Fourteenth Amendment rights by the trial court, (4) ineffective assistance of appellate counsel, and (5) multiplicity. Doc. 14-2, pp. 4-5. In the supporting facts under each of the five grounds, Petitioner specifically alleged one or more "double jeopardy" violations. Id. The Superior Court conducted an evidentiary hearing on October 27, 2008. Doc. 14-3. On November 12, 2008, after reviewing all five grounds, the Superior Court denied Petitioner's request for state habeas corpus relief. Doc. 14-11.

On November 3, 2008, seven days after the Superior Court conducted an evidentiary hearing on Petitioner's state habeas corpus petition and nine days before the Superior Court entered its final order, the Georgia Supreme Court adopted a new four-factor test to determine what constitutes sufficient movement to establish the asportation element of kidnapping under Georgia state law. Garza v. State, 284 Ga. 696, 701-702 (Ga. 2008).[1] The Georgia Supreme Court denied Petitioner's application for certificate of probable cause to appeal the denial of his petition on April 20, 2009. Doc. 14-12.

On March 14, 2010, Petitioner executed his 28 U.S.C. § 2254 petition seeking federal habeas corpus relief. Doc. 1. The petition most clearly enumerates the following four grounds for

---

[1] The new four-factor test set forth in Garza was superseded by statute for crimes committed on or after July 1, 2009. See O.C.G.A. § 16-5-40. However, the holding in Garza applies retroactively because it is a substantive change in Georgia case law. Hammond v. State, 289 Ga. 142, 143-144 (Ga. 2011).

2

relief: (1) an intervening change in Georgia law regarding kidnapping under Garza, (2) ineffective assistance of trial counsel for failing to raise a Garza issue at trial, (3) ineffective assistance of appellate counsel for failing to raise trial counsel's ineffectiveness for not raising a Garza issue, and (4) the trial court's lack of jurisdiction to accept the verdict based on Garza. Doc. 1, p. 6.

In addition to the four claims related to Garza, the petition also contains several attached handwritten pages, in which Petitioner presents a haphazard recital of other claims.  From that list, the following additional grounds for relief may be discerned: (5) "constitutional attack upon future consecutive sentences which affects [Petitioner's] current parole eligibility [ ... ] Petitioner would be eligible for parole release if the challenged unconstitutional sentences were invalidated[;]" (6) "inadequate representation by appointed counsel," both at trial and on direct appeal, because Petitioner was "subjected to double jeopardy because he was found guilty of indictment alleging multiple criminal acts, those consecutive sentences are invalid on double jeopardy ground[s] because there was in fact only one act[;]" (7) the indictment's failure "to state an offense [because] the kidnapping counts 8, 9, 10, 11 did not contain the essential elements of the predicate offenses[;]" (8) lack of jurisdiction in the trial court because the "prosecution proceeded on [an] accusation rather than an indictment." Doc. 1, pp. 7-8.

Additionally, intermixed with Petitioner's discussion of Garza in the attached handwritten pages are other grounds for relief virtually identical to grounds raised by Petitioner in his state habeas corpus petition, including (9) violation of Petitioner's Sixth and Fourteenth Amendment rights (Doc. 1, p. 9), and (10) one or more "double jeopardy" violations. Doc. 1, pp. 12, 14. On July 30, 2010, Petitioner amended his petition to allege another ground for relief,

3

namely: (11) ineffective assistance of appellate counsel for failing "to recognize or raise the violation of Petitioner's constitutional rights and legal claim of double jeopardy[.]" Doc. 9, p. 1.

On September 2, 2010, Respondent filed an answer and moved to dismiss the petition for lack of exhaustion. Docs. 10, 11. Petitioner filed three separate response briefs opposing Respondent's motion to dismiss for lack of exhaustion. Docs. 13, 15, 17. In his second response brief, Petitioner claimed that he had exhausted all available state court remedies, but Petitioner also argued that the Court should stay the federal petition if the Court accepted Respondent's exhaustion argument, to allow Petitioner to return to state court to exhaust his remedies. Doc. 15, p. 1. In his third response brief, Petitioner objected that Respondent had requested dismissal of his federal petition for lack of exhaustion but had also moved to dismiss Petitioner's subsequent state habeas corpus petition, filed on March 11, 2011, as impermissibly successive. Docs. 17, 17-2, 17-3. On May 20, 2011, this Court dismissed Petitioner's Section 2254 petition without prejudice because Petitioner had failed to exhaust available state court remedies for several of his claims. Doc. 18.

Petitioner appealed to the Eleventh Circuit. Docs. 22, 23. In an unpublished per curiam opinion, the Eleventh Circuit affirmed in part, vacated in part, and remanded for further proceedings, concluding that "the district court erred in not considering whether a stay and abeyance was appropriate because a subsequent Section 2254 petition would be time-barred." Doc. 29, p. 6. The Eleventh Circuit directed the Court to determine whether a stay and abeyance was warranted or, if not, whether to allow Petitioner to proceed solely on his exhausted claims. Id. at 7. On July 13, 2012, the Court ordered the parties to file supplemental memoranda explaining whether a stay and abeyance is warranted. Doc. 31. In his memorandum, Petitioner stated that "the district court properly found, without resolving the claims for relief that did not

rely upon Garza, that [P]etitioner's federal petition is unexhausted." Doc. 32, p. 9. In response, Respondent asserted that "Respondent does not oppose Petitioner's request to stay and hold this case in abeyance while Petitioner exhausts his potentially available state remedies as to the Garza issues." Doc. 33, pp. 5-6.

## DISCUSSION

### A. Legal Background

A "mixed" petition for habeas corpus relief is one in which "a state prisoner presents a federal court with a single petition containing some claims that have been exhausted in the state courts and some that have not." Rhines v. Weber, 544 U.S. 269, 271 (2005). In Rhines, the Supreme Court considered whether "a federal district court has discretion to stay the mixed petition to allow the petitioner to present his unexhausted claims to the state court in the first instance, and then to return to federal court for review of his perfected petition." Id. at 271-272. The Supreme Court held that although district courts have discretion to stay the mixed petition and hold it in abeyance while a petitioner returns to state court and exhausts his previously unexhausted claims, "stay and abeyance should be available only in limited circumstances." Id. at 277. Specifically, "[a] district court should grant a stay and abeyance if (1) the petitioner had 'good cause' for failing to exhaust the claims in state court; (2) the unexhausted claims are 'potentially meritorious;' and (3) 'there is no indication that the petitioner engaged in intentionally dilatory litigation tactics.'" Thompson v. Secretary for Dept. of Corrections, 425 F.3d 1364, 1366 (11th Cir. 2005), quoting Rhines, 544 U.S. at 277-278. The rationale for granting a stay and abeyance in such cases is that "the petitioner's interest in obtaining federal review of his claims outweighs the competing interests in finality and speedy resolution of federal petitions." Rhines, 544 U.S. at 278.

5

### B. The Petition Contains Both Exhausted and Unexhausted Claims

Generally, state prisoners seeking habeas corpus relief in federal court are required to exhaust any available state court remedies before presenting their claims in federal court. See 28 U.S.C. § 2254(b)(1)(A) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that [ ... ] the applicant has exhausted the remedies available in the courts of the State."); see also 28 U.S.C. § 2254(c) ("An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented."). "The exhaustion requirement is satisfied when a habeas petitioner presents the federal claim to the appropriate state court, thereby 'afford[ing] the state courts a meaningful opportunity to consider [the] allegations of legal error.'" Pope v. Secretary for Dept. of Corrections, 680 F.3d 1271, 1286 (11th Cir. 2012), quoting Vasquez v. Hillery, 474 U.S. 254, 257 (1986). Stated another way, to properly exhaust a claim, "a petitioner need only 'fairly presen[t] federal claims to the state courts in order to give the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights.'" Green v. Nelson, 595 F.3d 1245, 1254 (11th Cir. 2010), quoting Duncan v. Henry, 513 U.S. 364, 365 (1995) (quotation marks and citation omitted).

After reviewing the record, it appears that Petitioner's Section 2254 petition contains the following four exhausted claims: (6) "inadequate representation by appointed counsel," both at trial and on direct appeal, because Petitioner was "subjected to double jeopardy because he was found guilty of indictment alleging multiple criminal acts, those consecutive sentences are invalid on double jeopardy ground[s] because there was in fact only one act[,]" Doc. 1, pp. 7-8;

(9) violation of Petitioner's Sixth and Fourteenth Amendment rights, Doc. 1, p. 9; (10) one or more "double jeopardy" violations, Doc. 1, pp. 12, 14; and (11) ineffective assistance of appellate counsel for failing "to recognize or raise the violation of Petitioner's constitutional rights and legal claim of double jeopardy[,]" Doc. 9, p. 1. The record establishes that Petitioner raised each of these claims in his first state habeas corpus petition. Doc. 14-2. The record further establishes that both the Superior Court and the Georgia Supreme Court were afforded a meaningful opportunity to consider each of the above-listed claims. Docs. 14-11, 14-12. Because Georgia state courts had "a meaningful opportunity" to consider each of these claims in Petitioner's first state habeas corpus action, Petitioner exhausted these four claims. Vasquez, 474 U.S. at 257.

By contrast, after reviewing the record, it does not appear that Petitioner exhausted the remaining seven claims set forth in his Section 2254 petition, which include the following: (1) an intervening change in Georgia law regarding kidnapping under Garza; (2) ineffective assistance of trial counsel for failing to raise a Garza issue at trial; (3) ineffective assistance of appellate counsel for failing to raise trial counsel's ineffectiveness for not raising a Garza issue; (4) the trial court's lack of jurisdiction to accept the jury's verdict based on Garza; (5) "constitutional attack upon future consecutive sentences which affects [Petitioner's] current parole eligibility [ . . . ] Petitioner would be eligible for parole release if the challenged unconstitutional sentences were invalidated[;]" (7) the indictment's failure "to state an offense [because] the kidnapping counts 8, 9, 10, 11 did not contain the essential elements of the predicate offenses[;]" and (8) the trial court's lack of jurisdiction because the "prosecution proceeded on [an] accusation rather than an indictment [and the] trial court had no jurisdiction to accept the [jury's] verdict and sentence [Petitioner] as [the trial court] did." Doc. 1, pp. 6-8. The record establishes that

7

Petitioner failed to raise any of these claims in his first state habeas corpus petition. Doc. 14-2. Although the record indicates that Petitioner filed a successive state habeas corpus petition in the Superior Court of Richmond County on March 11, 2011 (Docs. 17-2, 17-3), the record does not contain sufficient information to determine what claims Petitioner identified in his successive state habeas corpus petition or how the state courts have addressed those claims to date. Moreover, in their most recent filings before the Court, both Petitioner and Respondent expressly acknowledge that any claims involving Garza are unexhausted. Doc. 32, p. 11, Doc. 33, pp. 5-6. As a result, the record does not establish that Petitioner exhausted all available state court remedies for his remaining seven claims. See 28 U.S.C. § 2254(b)(1)(A), (c).

**C. The "Mixed" Petition Should be Stayed and Held in Abeyance**

Because the petition contains some claims that have been exhausted in state court and some claims that have not, it is a "mixed" petition for habeas corpus relief. Rhines, 544 U.S. at 271. Therefore, consistent with the Eleventh Circuit's instructions, it is necessary to determine whether to grant a stay and abeyance because a subsequent Section 2254 petition would be time-barred or to allow Petitioner to proceed solely on his exhausted claims. Doc. 29, pp. 6-7. After carefully considering the three factors set forth in Rhines, it appears that the Court should grant a stay and abeyance in this matter because "(1) the petitioner had 'good cause' for failing to exhaust the claims in state court; (2) the unexhausted claims are 'potentially meritorious;' and (3) 'there is no indication that the petitioner engaged in intentionally dilatory litigation tactics.'" Thompson, 425 F.3d at 1366, quoting Rhines, 544 U.S. at 277-278.

Regarding the first factor, there is "good cause" for Petitioner's failure to exhaust his unexhausted Garza claims. Rhines, 544 U.S. at 278. Although the Supreme Court and the Eleventh Circuit have not specifically defined what constitutes "good cause," at least one district

court in the Eleventh Circuit found "good cause" under Rhines where an external "objective factor" not attributable to the petitioner caused his failure to exhaust. See Cueto v. McNeil, 2010 WL 1258065, *13 (S.D. Fla., March 12, 2010). Another district court in the Eleventh Circuit concluded that the petitioner could not establish "good cause" under Rhines where the petitioner failed to provide "any legitimate reason" for his delay in raising the unexhausted claims during the state court appeals process. See Henry v. McDonough, 2009 WL 762219, *3 (S.D. Fla., March 19, 2009). Under either interpretation, there is "good cause" here because the timing of the Georgia Supreme Court's decision in Garza is an external objective factor over which Petitioner had no control and because there is a legitimate reason for Petitioner's delay in presenting his unexhausted Garza claims.

It is undisputed that Petitioner could not present any of his unexhausted Garza claims either on direct appeal or in his first state habeas corpus action because Garza did not exist until November 3, 2008. Assuming for the sake of discussion that Petitioner learned about Garza during the nine day period after the Georgia Supreme Court released Garza and before the Superior Court entered its final order on his first state habeas corpus petition, any attempt by Petitioner to amend his state habeas corpus petition to include new claims based on Garza after the evidentiary hearing already had occurred would be improper under Georgia law. See Murrell v. Young, 285 Ga. 182, 183(2) (Ga. 2009) (observing that "amendments to habeas petition [are] permitted up until time of habeas hearing."). The unique timing surrounding the Georgia Supreme Court's decision in Garza and Petitioner's first state habeas corpus action is not only an external objective factor over which Petitioner had no control, but is also a legitimate reason for Petitioner not having presented his claims in state court on direct appeal or in his first state habeas corpus action. As a result, there is "good cause" under Rhines.

9

Regarding the second factor, Petitioner's unexhausted Garza claims are "potentially meritorious." Rhines, 544 U.S. at 278. In Rhines, the Supreme Court explained the "potentially meritorious" factor, stating that "even if a petitioner had good cause for that failure [to exhaust his claims], the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless." Id. at 277. "In determining whether unexhausted claims are 'potentially meritorious,' a court does not weigh or even consider the evidence in the case." Cueto v. McNeil, 2010 WL 1258065, *13 (S.D. Fla., March 12, 2010). "Rather, it simply accepts the Petitioner's allegations as true for purposes of the analysis." Id. Where, as here, Petitioner is *pro se*, his pleadings should be "liberally construed." Green, 595 F.3d at 1254, n 4. When Petitioner's pleadings are liberally construed and his allegations regarding his unexhausted Garza claims are accepted as true for purposes of analyzing the second factor, it appears that Petitioner's unexhausted Garza claims could create a colorable basis for habeas relief. Moreover, as the Court previously explained, there is "a reasonable argument" that the Georgia state courts would find that Petitioner's unexhausted Garza claims are not procedurally barred under O.C.G.A. § 9-14-51. Doc. 18, p. 3. As a result, Petitioner's unexhausted Garza claims are distinguishable from cases where the unexhausted claims clearly provided "no basis for federal habeas relief" because the unexhausted claims would be procedurally barred under O.C.G.A. § 9-14-51. Willis v. Hart, 2006 WL 3498401 *4 (S.D. Ga., October 31, 2006). Therefore, Petitioner's unexhausted Garza claims are "potentially meritorious" under Rhines.

Regarding the third factor, there is no evidence that Petitioner "engaged in intentionally dilatory litigation tactics." Rhines, 544 U.S. at 278. To the contrary, the record establishes that after Petitioner learned that Respondent had moved to dismiss his Section 2254 petition for lack of exhaustion, Petitioner filed a successive state habeas corpus action to pursue his unexhausted

Garza claims in Richmond County Superior Court. Docs. 17-2, 17-3. Although the record does not contain sufficient information to determine what claims Petitioner identified in his successive state habeas corpus petition or how the state courts have addressed those claims to date, there is no evidence in the record to indicate that Petitioner has engaged in any "abusive litigation tactics or intentional delay." Rhines, 544 U.S. at 278. Respondent did not allege any abusive tactics or intentional delay by Petitioner in Respondent's most recent filing before the Court. Doc. 33. Instead, Respondent expressly stated that "Respondent does not oppose Petitioner's request to stay and hold this case in abeyance while Petitioner exhausts his potentially available state remedies as to the Garza issues." Doc. 33, pp. 5-6. Because there is no evidence that Petitioner "engaged in intentionally dilatory litigation tactics," the third factor under Rhines is satisfied.

## CONCLUSION

Because the record establishes that the above-styled matter is one of the "limited circumstances" in which a stay and abeyance is appropriate, Rhines, 544 U.S. at 277, **IT IS RECOMMENDED** that Petitioner's 28 U.S.C. § 2254 petition seeking habeas corpus relief be **STAYED AND HELD IN ABEYANCE** pending further order of the Court.

**IT IS FURTHER RECOMMENDED THAT** Petitioner be ordered to file, within thirty (30) days after the stay is entered, an appropriate state court motion for relief raising any unexhausted issues, if Petitioner has not already done so in the appropriate state court; that Petitioner be ordered to file a Notice of Compliance with the Court, advising the Court that the state court motion has been filed; and that Petitioner be ordered to file, within thirty (30) days after state court exhaustion is completed, a motion to lift the stay.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this recommendation with the district judge to whom this case is assigned within fourteen (14) days after being served with a copy thereof.

**SO RECOMMENDED**, this 20th day of September, 2012.

                                          s/ Charles H. Weigle_____
                                          Charles H. Weigle
                                          United States Magistrate Judge